IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-4-D

| | |
|---|---|
| KELVIN JEROME DIXON, )<br>and STEPHANIE DIXON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JODY TINGEN, WILLIAM TINGEN, )<br>MILDRED TINGEN, REBECCA CLARK, )<br>JEFF MATHIS, TERESA C. BARCO, )<br>DANNY HARRINGTON, PISTOL TINGEN, )<br>PRUDENTIAL PRIME PROPERTIES, )<br>)<br>Defendants. ) | **ORDER** |

Kelvin Jerome Dixon and Stephanie Dixon ("plaintiffs') filed suit against Jody Tingen, William Tingen, Mildred Tingen, Rebecca Clark, Jeff Mathis, Teresa C. Barco, Danny Harrington, Pistol Tingen, and Prudential Prime Properties ("defendants"). Plaintiffs (who are pro se) are upset about a $60,000 real-estate transaction that took place in Pitt County, North Carolina in October 2007. Plaintiffs (who are both North Carolina citizens) seek relief from defendants (who are all North Carolina citizens) under North Carolina law for breach of fiduciary duty, fraud, unfair and deceptive trade practices, civil conspiracy, and "discrimination of equality." Plaintiffs seek compensatory damages in excess of $100,000 and punitive damages in excess of $1,00,000. Defendants have filed motions to dismiss [D.E. 13, 18, 20] and argue that this court lacks subject-matter jurisdiction.

Federal courts "are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Plaintiffs have failed to allege grounds for federal subject-matter jurisdiction.

Diversity jurisdiction does not exists because plaintiffs and defendants are all North Carolina citizens. See 28 U.S.C. § 1332. Federal-question jurisdiction does not exist on the face of the complaint in that all claims arise under North Carolina law. See id. § 1331; In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006).

In opposition to this conclusion and in response to defendants' motions to dismiss, plaintiffs seek to amend their complaint to cite 18 U.S.C. §§ 1001 and 1010 and to allege that defendants made various false statements concerning the real-estate transaction [D.E. 28]. Unfortunately for plaintiffs, 18 U.S.C. §§ 1001 and 1010 are federal criminal statutes and do not create federal-question jurisdiction under 28 U.S.C. § 1331. Thus, defendants' motions to dismiss [D.E. 13, 18, 20] are GRANTED, the motion for a more definite statement [D.E. 11] is DENIED as moot, and the motion to amend the complaint [D.E. 28] is DENIED as futile. In sum, the action is DISMISSED for lack of subject-matter jurisdiction.

SO ORDERED. This 25 day of May 2011.

JAMES C. DEVER III
United States District Judge

2

Case 4:11-cv-00004-D Document 34 Filed 05/26/11 Page 2 of 2